715 A.2d 384

**MORABITO'S AUTO SALES, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Supreme Court of Pennsylvania.

Submitted May 4, 1998.

Decided July 20, 1998.

David A. Regoli, New Kensington, for Morabito's Auto Sales.

Barbara A. Darkes, Timothy P. Wile, Harrisburg, for Penn-DOT.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from an order of Commonwealth Court which affirmed an order of the Court of Common Pleas of Armstrong County dismissing statutory appeals from penalties levied against an automobile dealership by the Pennsylvania Department of Transportation (DOT).

The appellant, Morabito's Auto Sales (Morabito), is a dealership that sells used cars. In that capacity it serves as an

issuing agent for temporary registration plates and cards. In August of 1994, DOT conducted a hearing to review charges that Morabito was not properly handling various documents and fees for which issuing agents are responsible. DOT issued an order imposing a penalty of $2,700.00, in total, for twenty-seven violations of 75 Pa.C.S. § 1374(a)(5), which requires that properly assigned certificates of title be delivered in a timely fashion. By separate order, and based on the same twenty-seven occurrences, DOT suspended Morabito's authority to issue temporary registration plates and cards for a period of one month. The suspension was imposed for violations of 67 Pa.Code 43.11(a)I(4), which requires that documents and fees be delivered in a timely manner.

Appeals from both orders were taken to the court of common pleas. A *de novo* hearing on both appeals was held on March 22, 1995. On April 12, 1996, the orders were affirmed.

Determination of the exact dates when documents were received by DOT was of critical importance in this case because all of the violations with which Morabito was charged involved failures to timely submit documents and fees. Morabito contends that the court of common pleas erred in admitting certain evidence that DOT utilized to establish such dates. At the hearing, DOT submitted certified photocopies of its records pertaining to the twenty-seven violations. The photocopies depicted twenty-seven untimely title and registration application forms submitted by Morabito. Morabito objected to admission of the records, but the objections were overruled.

Morabito's objection was that the records did not meet the statutory requirement that photocopies of business and public records admitted into evidence be legible. Specifically, in 42 Pa.C.S. § 6109(b), it is provided that "[a]ny such reproduction ... must accurately reproduce all lines and markings which appear on the original." Morabito argues that the photocopies are illegible, and, in particular, that many of the "work identification numbers" cannot be read. These numbers, which are stamped on the original of each document, contain information as to the date when each document was received by DOT. The court initially agreed with Morabito, noting that "[a]fter

careful inspection of the documents, this court concedes that the work identification numbers are illegible on many of the documents."

Nevertheless, the court admitted the documents into evidence under 75 Pa.C.S. § 1103.1(d.1), which provides:

> Within one business day of receiving an application referring to a vehicle purchased from a dealer, the department shall stamp the application with a work identification number, which shall include the year and day that the application was received at the department. . . . An application, or copy thereof certified by the department, which displays the stamped work identification document number shall be accepted by any issuing authority or court in any proceeding as prima facie evidence of the date that the application was received by the department. *If the displayed stamp is not legible, a certification by the department of the date that the application was received shall be accepted by the issuing authority or court as prima facie evidence of that date.*

(Emphasis added). This provision, rather than 42 Pa.C.S. § 6109(b), was deemed controlling because it pertains specifically to the admission of applications relating to vehicles purchased from dealers, whereas section 6109(b) is more general in its scope. See 1 Pa.C.S. § 1933 (statutory provision that is more specific overrides one that is more general); *Olshansky v. Montgomery County Election Board,* 488 Pa. 365, 370, 412 A.2d 552, 554 (1980) (specific statutory provisions prevail over general ones). Further, inasmuch as 75 Pa.C.S. § 1103.1(d.1) is the more recently enacted of the provisions, it was regarded as controlling on that basis as well. See 1 Pa.C.S. § 1936 (where two statutes are irreconcilable, the one latest in date of enactment shall prevail).

Documents with illegible work identification numbers were, therefore, admitted into evidence. Attached to the set of documents was a certification of the date that each document was received, such certification having been attested by a manager of DOT's Bureau of Motor Vehicles.

Morabito contends that 75 Pa.C.S. § 1103.1(d.1) should have been deemed inapplicable to this case, and, in particular, that the provision has been given an improper retroactive effect. The provision was enacted on December 7, 1994 and became effective sixty days later, i.e., on February 5, 1995. All of the alleged violations occurred between April and November of 1993. Hence, although the statute was in effect at the time if the hearing, to wit, on March 22, 1995, it was not in effect when the violations allegedly occurred. In addition, the statute had not yet been enacted when, on September 12, 1994, the manager of DOT's Bureau of Motor Vehicles provided the certification as to the dates when the documents were received.

■■■ A statute will not generally be construed to be retroactive unless clearly and manifestly so intended by the legislature. 1 Pa.C.S. § 1926. It is well settled, however, that legislation concerning purely procedural matters will be applied not only to litigation commenced after its passage, but also to litigation existing at the time of passage. *Galant v. Department of Environmental Resources,* 534 Pa. 17, 21–22, 626 A.2d 496, 498–99 (1993); *Misitis v. Steel City Piping Co.,* 441 Pa. 339, 342, 272 A.2d 883, 884 (1971). As stated in *Galant,*

> The general rule in determining whether a statute will be applied retroactively is as follows: "Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But, where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage...." *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.Commw. 176, 183, 305 A.2d 757, 761 (1973), quoting *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 166, 110 A. 731, 732 (1920).

534 Pa. at 21, 626 A.2d at 498.

■■ The arguments in this appeal have focused largely on whether to classify 75 Pa.C.S. § 1103.1(d.1) as a substantive or procedural provision. In general terms, substantive laws are

those which affect rights, while procedural laws are those which address methods by which rights are enforced. *Id.; Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 56–57, 436 A.2d 147, 150 (1981), appeal dismissed, 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982); *Page's Department Store v. Velardi,* 464 Pa. 276, 283–84 n. 5, 346 A.2d 556, 559–60 n. 5 (1975). The demarcation between substantive and procedural laws is, however, at times shadowy and difficult to determine. *Laudenberger,* 496 Pa. at 57, 436 A.2d at 150.

Commonwealth Court reasoned, as did the trial court, that 75 Pa.C.S. § 1103.1(d.1) is a purely procedural provision. It concluded that the provision merely specifies the procedures whereby applications are date-stamped and the procedures by which photocopies of those applications are accepted into evidence as proof of the date of their receipt by DOT. It noted that the provision does not in any way affect Morabito's obligation to submit documents and fees in a timely manner. The provision was, therefore, given effect to allow admission of the documents.

We do not agree that the pivotal factor in this appeal is whether the statute in question is characterized as substantive or procedural. Even assuming *arguendo* that it is procedural, it is nevertheless inapplicable. The courts below have taken out of context the excerpt from subsection (d.1) on which they relied to allow admission of the documents. A statutory provision must be interpreted as a whole rather than considered in fragments that, if read alone and out of context, could be construed to ignore the intent of the overall provision. See 1 Pa.C.S. § 1921(a) (effect should be given to all of a statute's provisions when ascertaining legislative intent); *Elizabeth Township Sanitary Authority Case,* 413 Pa. 502, 507, 198 A.2d 304, 306 (1964) (individual sentences that together constitute a statutory section must be read in context with the section in its entirety).

In subsection (d.1) it is expressly provided that "[i]f the displayed stamp is not legible," a certification of the date that the application was received shall be accepted by the court as

prima facie evidence of the date of receipt. See 75 Pa.C.S. § 1103.1(d.1), supra. The "displayed stamp" is not just any stamp that DOT may have placed on the document. Rather, it is the stamp referred to in the first sentence of subsection (d.1), supra, which provides that within one business day of receiving an application from a dealer, DOT "shall stamp the application with a work identification number, which shall include the year and day that the application was received...." Hence, subsection (d.1) creates a duty for DOT to promptly stamp the documents that it receives and prescribes procedures for admission of such documents, and copies thereof, based on a *presumption* that the statutory duty of DOT will be faithfully executed. Subsection (d.1) is in fact entitled, "Presumption of receipt...." It is evident that subsection (d.1) pertains to documents bearing work identification numbers that have been stamped pursuant to the statutory duty therein imposed. To apply the procedures that were prescribed for admission of such documents in cases where the documents have not in fact been stamped pursuant to any such duty would extend the scope of subsection (d.1) beyond that intended by the legislature.

The documents challenged by Morabito had been stamped with work identification numbers prior to the existence of DOT's statutory duty. There is no basis to presume, therefore, that they were stamped within one business day of receipt. If, during the period when Morabito's violations allegedly occurred, it was the practice of DOT to stamp documents within a certain period after receipt then DOT should have presented testimony to that effect. If DOT had some basis for knowing the dates when documents were received it should have produced testimony to establish those dates. Obviously, this is of particular importance where documents bearing illegible work identification numbers are concerned. If DOT had been required to place a witness on the stand to authenticate the documents and to testify regarding procedures that were followed in placing work identification numbers on the documents, the witness would have been subject to cross-examination, and, as a result, DOT might have

been unable to establish that the dates stamped on the documents were the dates on which they were actually received. Due to the application of subsection (d.1), however, no witnesses were presented by DOT. DOT simply rested its case after presenting the certified set of documents, and Morabito had no opportunity to cross-examine.

A new hearing, at which subsection (d.1) will not be applied, is required. The order of Commonwealth Court to the contrary must be reversed, and the case must be remanded to the court of common pleas for proceedings consistent with this opinion.

Order reversed, and case remanded.