Annie BETHEA, Administrator of the
Estate of Annie Belle Bethea,
Deceased, Appellant,

v.

PHILADELPHIA AFL–CIO HOSPITAL
ASSOCIATION, d/b/a John F. Kenne-
dy Memorial Hospital and Donald
Maron, D.P.M.

Annie Bethea, Administrator of the
Estate of Annie Belle Bethea,
Deceased, Appellant,

v.

Philadelphia AFL–CIO Hospital Associ-
ation, d/b/a John F. Kennedy Memori-
al Hospital, John T. Irwin, M.D. and
Frederick M. Reichle, M.D.

Superior Court of Pennsylvania.

Argued Feb. 1, 2005.
Filed March 15, 2005.

Frank D. Branella, Philadelphia, for appellant.

Beatrice O'Donnell, Philadelphia, for Maron.

Kimberly K. Gresko, Philadelphia, for Irwin.

Stacey A. Stephens, Norristown and Audrey Copeland, Newtown Square, for Philadelphia AFL–CIO Hospital.

BEFORE: KLEIN, McCAFFERY and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 The issue in this case is whether the qualifications for a medical expert under the MCARE Act[1] must be met when a medical malpractice claim was filed prior to enactment of the Act, but the expert's testimony was heard after enactment. We hold that the MCARE Act does apply and so affirm.

¶ 2 Appellant-plaintiff, who is now deceased, brought an action in negligence against John F. Kennedy Memorial Hospital, two physicians and a podiatrist, stemming from care received upon her hospitalization in January, 1999. At the time of her hospitalization, decedent was eighty-eight years old; had suffered a stroke some years before that left her unable to speak; had severe osteoporosis; and obtained nourishment through a feeding tube. Obstruction of the feeding tube was

---

1. 40 P.S. §§ 1303.101–1303.910.

the immediately precipitating reason for her entry into the hospital. The feeding tube was successfully replaced. Over the next few months she remained in the hospital and was diagnosed with and treated for a variety of ailments: congestive heart failure, a broken hip, gangrene, and other infections. Her leg was eventually amputated at the hip. She died in November 2000 from septic shock. The first complaint in this case was filed in May, 2000; a second complaint was filed after the appellant-plaintiff's death, naming the administrator of her estate as a substituted plaintiff.

¶ 3 Appellant-plaintiff retained Charlton B. Futch, M.D., a retired general surgeon whose medical license expired in 1999, as a medical expert. In a report dated August 23, 2002, he set forth his opinion that appellee-defendants had deviated in numerous instances from the appropriate standard of care.

¶ 4 Appellee-defendants then filed a motion to preclude the testimony of Dr. Futch because he did not qualify as an expert under the MCARE Act. After a hearing on December 2–3, 2003, the trial court granted appellee-defendants' motion and then entered a nonsuit.

¶ 5 Appellant filed this appeal after denial of her motion for post-trial relief. Appellant contends that the trial court erred in applying the MCARE Act "retroactively" and thereby precluding the expert testimony of Dr. Futch. Appellant also alleges trial court error in the dismissal of her battery claim and in the exclusion of several evidentiary offerings.

■ ¶ 6 In reviewing the entry of a nonsuit, our standard of review is well-established: we reverse only if, after giving appellant the benefit of all reasonable inferences of fact, we find that the factfinder could not reasonably conclude that the essential elements of the cause of action were established. *Joyce v. Boulevard Physical Therapy & Rehabilitation Center,* 694 A.2d 648, 652–53 (Pa.Super.1997), *appeal denied,* 559 Pa. 719, 740 A.2d 1148 (1999).

¶ 7 Appellant's first argument is that the trial court erred in applying the MCARE Act "retroactively" with regard to qualification of her expert witness, Dr. Futch. The relevant provision of the Act is the following:

(b) Medical testimony.—An expert testifying on a medical matter, including the standard of care, risks and alternatives, causation and the nature and extent of the injury, must meet the following qualifications:

(1) possess an unrestricted physician's license to practice medicine in any state or the District of Columbia; and

(2) be engaged in or retired within the previous five years from active clinical practice or teaching.

40 P.S. § 1303.512(b)

The MCARE Act was passed on March 20, 2002, and section 512 was made effective sixty days later. Dr. Futch's medical license expired in 1999. The negligence alleged in this case took place in 1999, Dr. Futch's expert report was prepared on August 23, 2002, and the trial was scheduled to take place in December 2003.

■ ¶ 8 The trial court first held that section 512 of the MCARE Act was applicable because it had been effective for more than a year before the trial would take place. Next, the trial court held that, because Dr. Futch did not have a license to practice medicine at the time of trial, he was not qualified to testify as a medical expert under the Act. We agree.

■ ¶ 9 This Court has previously addressed the applicability of section 512 of the MCARE Act to cases filed prior to its

enactment. *Wexler v. Hecht,* 847 A.2d 95, 101 (Pa.Super.2004). As noted by Judge Lally–Green in *Wexler,* some provisions of the MCARE Act apply only to causes of action which arise on or after the effective date. *See* Historical and Statutory Note to 40 P.S. §§ 1303.513 & 1303.516. No such limitation is found in section 512. Rather, section 512 expressly provides that it became effective sixty days after March 20, 2002, the date of its enactment. Thus, the court must apply the directives of section 512 to medical experts who testify after May 19, 2002, the effective date of the Act.

¶ 10 Appellant insists that application of section 512 to her case conflicts with the longstanding presumption against retroactive application of a statute.[2] However, appellant has improperly construed the concept of legislative retroactivity. For a law to be retroactive in its application, it must "relate[ ] back and give[ ] a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *In re R.T.,* 778 A.2d 670, 679 (Pa.Super.), *appeal denied,* 568 Pa. 618, 792 A.2d 1254 (2001) (quoting *McMahon v. McMahon,* 417 Pa.Super. 592, 612 A.2d 1360, 1364 (1992) (en banc)). Furthermore, "a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation." *Id.* (quoting *Creighan v. City of Pittsburgh,* 389 Pa. 569, 575–76, 132 A.2d 867, 871 (1957)). The presumption against retroactivity does not preclude the application of a purely procedural statute to litigation in existence at the time of enactment. *Morabito's Auto Sales v. Commonwealth Department of Transpor-*

*tation,* 552 Pa. 291, 295, 715 A.2d 384, 386 (1998). A procedural law addresses the methods by which rights are enforced, in contrast to a substantive law, which directly affects the rights themselves. *Id.*

¶ 11 Section 512 of the MCARE Act is a procedural law. It describes in detail the qualifications that a medical expert must possess to testify in a medical professional liability action. It does not deal with any substantive rights of a party, but rather affects a procedural avenue by which a party may attempt to enforce those rights. *See Morabito's Auto Sales, supra* at 295–96, 715 A.2d at 386; *R.T., supra* at 679; *Brangs v. Brangs,* 407 Pa.Super. 43, 595 A.2d 115, 118–19 (1991).

¶ 12 Keeping these precepts in mind, we find that application of section 512 of the MCARE Act to the present litigation did not constitute a retroactive application. The trial at which the medical expert was to testify was scheduled to take place approximately eighteen months after section 512 went into effect. The qualifications of the medical expert must therefore be determined under the MCARE Act.

¶ 13 Since appellant's expert did not possess a valid medical license at the time of trial, he was not qualified under the MCARE Act to testify. Appellant had no other medical expert, and thus her suit could not be sustained. The trial court did not commit any error in entering a nonsuit.

¶ 14 Appellant's second contention is that the trial court erred in dismissing her claim of battery. However, appellant never pled a claim of battery. The trial court did not err in dismissing a claim that

---

**2.** "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S.A. § 1926.

was never pled.[3]

¶ 15 Order affirmed.

---

**3.** Since we resolve this case on the basis of
applicability of the MCARE Act and failure to
plead a claim, we need not reach appellant's
evidentiary issues.