Lester M. WARREN, Executor of the Estate of Barbara J. Warren & Lester M. Warren, in His Own Right, Appellant,

v.

Mark E. FOLK, D.O.; Schaefferstown Family Practice; Good Samaritan Hospital of Lebanon; Alice Roach, MD; Marianne Webster, MD; Pennsylvania Farm Bureau; Capital Blue Cross; Blue Cross & Blue Shield Assoc.; Highmark Blue Shield Assoc.; Keystone Health Plan Central; Dow Corning; Hershey Medical Center/University Hospital; and Stephen H. Miller, MD, Appellees.

Superior Court of Pennsylvania.

Argued Aug. 31, 2005.

Filed Oct. 28, 2005.

306

William Z. Warren, Bethel, for Warren, appellant.

Shawn J. Mumford, Harrisburg, for Folk, appellee.

Michael C. Mongiello, Camp Hill, for Roach and Webster, appellees.

Megan R. Ford, Lancaster, for Schaefferstown and Good Samaritan, appellees.

James M. Horne, State College, for Hershey Med. Center and Miller, appellees.

BEFORE: HUDOCK, BOWES and BECK, JJ.

OPINION BY BECK, J.:

¶1 In this medical malpractice action, appellant-plaintiff challenges the constitutionality of the requirement for a certificate of merit under Pennsylvania Rule of Civil Procedure 1042.3 when the alleged malpractice occurred prior to the effective date of the Rule. We affirm the judgment of *non pros* in favor of the appellee-defendants.

¶2 Appellant-plaintiff's decedent died of cancer on February 28, 2002. The decedent's husband, appellant-plaintiff Warren, filed a twenty-one count medical malpractice suit in federal district court on September 17, 2003. Named defendants included several physicians, hospitals, and health insurance companies. The gist of the suit was that the insertion of silicone breast implants in 1974 caused the decedent to develop cancer, which was then misdiagnosed and ultimately led to her death in 2002. After the federal court dismissed the suit on March 18, 2004 for lack of jurisdiction, appellant transferred his suit to state court. Throughout this time, appellant never filed a certificate of merit, as required by Pennsylvania Rule of Civil Procedure 1042.3. The prothonotary entered judgments of *non pros* in favor of the defendants on June 22, 2004, based on failure to file a certificate of merit.

¶3 Appellant filed a motion to strike the judgments of *non pros*, contending that no certificate of merit was necessary because the alleged malpractice occurred prior to the date that Rule 1042.3 became effective. Appellant reasoned that requiring a certificate of merit in a case where the harm to plaintiff pre-dated the effective date of the rule that mandated such a certificate was a retroactive and hence unconstitutional application of the rule. The trial court disagreed and denied appellant's petition to strike the judgment. The present appeal followed.

¶4 As the question in this case is one of law, our standard of review is *de novo* and our scope of review is plenary. *Sternlicht v. Sternlicht*, 583 Pa. 149, 876 A.2d 904, 908 (2005).

¶5 The Pennsylvania Rules of Civil Procedure require that the plaintiff file a certificate of merit in "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard." Pa.R.C.P. 1042.3(a). The certificate must verify that

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim. Pa.R.C.P. 1042.3(a)(1)-(3).

The goal of the certificate of merit is to weed out clearly nonmeritorious lawsuits early in the litigation process. The rule was adopted by Order of the Pennsylvania Supreme Court on January 27, 2003 and was effective immediately.

¶6 Although appellant filed his claim on September 17, 2003, nearly eight months after the effective date of Rule 1042.3, he insists that requiring a certificate of merit in his case represents a retroactive and hence unconstitutional ap-

plication of the Rule. Appellant contends that Rule 1042.3 cannot properly be applied to malpractice claims, such as his, in which the alleged malpractice occurred prior to the effective date of the Rule. Appellant's argument misconstrues the concept of retroactivity, as applied to statutes and rules.

¶ 7 Our understanding of the legal meaning of retroactivity is shaped by pronouncements from the highest courts in the land. As the U.S. Supreme Court has stated, "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law." *Landgraf v. U.S.I. Film Products,* 511 U.S. 244, 269–70, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (citations omitted). The Pennsylvania Supreme Court has offered a similar directive: "a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation." *In re R.T.,* 778 A.2d 670, · 679 (Pa.Super.2001), *appeal denied,* 568 Pa. 618, 792 A.2d 1254 (2001) (quoting *Creighan v. City of Pittsburgh,* 389 Pa. 569, 575–76, 132 A.2d 867, 871 (1957) (citation omitted)). "Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf,* 511 U.S. at 269–70, 114 S.Ct. 1483. Retroactive application occurs only when the statute or rule "relates back and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *R.T.,* 778 A.2d· at 679 (quoting *McMahon v. McMahon,* ˙417 Pa.Super. 592, 612 A.2d 1360, 1364 (1992)).

¶ 8 Our Supreme Court and this Court have also considered the issue of retroactivity in terms of whether or not the statute in question affects vested rights.

> Where ... no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events prior to that date ...

> A 'vested right' is one that 'so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent.'

*R.T.,* 778 A.2d at 679 (quoting *Creighan,* 389 Pa. at 575, 132 A.2d at 871 and Black's Law Dictionary 1324 (7th ed.1999)).

¶ 9 An example of a vested right is the right of a mother or father to parent her or his child. *R.T.,* 778 A.2d at 679. In *R.T.,* a panel of this Court determined that the application of a recent Juvenile Act amendment to a case of involuntary termination of parental rights was retroactive and thus improper. *Id.* at 678–80. The panel determined that application of the amendment would give a transaction which had occurred before passage of the amendment a legal effect different from that which it had under the old law. The specific previous transaction that concerned the court was the termination of parental rights to an older sibling of R.T. Under the new amendment, the termination of rights to this older child could be considered an "aggravating circumstance" which would permit the court to conclude that reasonable efforts to return R.T. to the parental home need not be made. *Id.* at 680. Under the law in effect at the time of termination of rights to the older child, the termination did not have such direct implications for proceedings related to a younger child. Thus, the panel determined that the legal effect of the first termination was different under the old and new laws-and therefore considered application of the new law to be retroactive and proscribed.

¶ 10 In contrast, the issue raised by appellant implicates no vested right, nor the legal effect of any prior transaction. The requirement for a certificate of merit does not infringe upon appellant's right to seek redress in the court for his injury. The Rule simply adds a procedural requirement—the filing of a certificate of merit—for going forward with the suit. This requirement is designed to provide some assurance that the suit is not frivolous, but is based on an arguably meritorious assertion. Obviously, the plaintiff, to prevail, must ultimately prove the merits of his claim—the certificate of merit requirement does nothing to alter this elementary fact. The certificate of merit simply requires that the plaintiff begin to support his burden of proof at an earlier time in the proceedings than was previously required. By thus requiring an assertion early in the proceedings that the suit has arguable merit, Rule 1042.3 does not infringe upon any vested rights.

¶ 11 As no vested rights are involved, a retroactive application of Rule 1042.3 will not be inferred merely because a certificate of merit will relate to events that predated the Rule's effective date. There is no question that application of Rule 1042.3 to appellant's case relates back to events that occurred prior to the effective date of the Rule. Plaintiff's decedent died, and hence all the incidents of alleged malpractice occurred, prior to January 27, 2003, the effective date of the Rule. Therefore, the certificate of merit would of necessity address events that occurred prior to the time that Rule 1042.3 was enacted. However, this fact is irrelevant, given the extensive case law from many courts, including the U.S. Supreme Court and this Court, which has made clear that simply drawing upon or relating back to antecedent events does not constitute a retroactive application of a statute or rule. *Landgraf,* 511 U.S. at 269–70, 114 S.Ct. 1483; *R.T.,* 778 A.2d at 679. To be a retroactive application to appellant's suit, Rule 1042.3 would have to give the alleged incidents of malpractice a new legal effect—*i.e.,* one that is different from their legal effect under the rules existing at the time the incidents occurred. *See R.T.,* 778 A.2d at 679. This is not the case. The legal effect of the alleged incidents of malpractice has not been altered in any way by Rule 1042.3, and hence application of the Rule to appellant's case does not constitute a retroactive application.[1]

¶ 12 Recently a panel of this Court analyzed another procedural aspect of medical professional liability litigation—the requirements for qualification of an expert witness—and reached a result similar to what we hold in the case at bar. *See Bethea v. Philadelphia AFL–CIO Hospital Association,* 871 A.2d 223 (Pa.Super.2005). The statute at issue in *Bethea* was the Medical Care Availability and Reduction of

---

1. Appellant urges us to accept the reasoning of a federal district court in *Velazquez v. UPMC Bedford Memorial Hospital,* 328 F.Supp.2d 549 (W.D.Pa.2004). The *Velazquez* court held that a certificate of merit was not required in a medical malpractice action if the alleged malpractice occurred prior to January 27, 2003, the effective date of Pa.R.C.P. 1042.3. However, the *Velazquez* court upon reconsideration reversed this decision. *See Velazquez v. UPMC Bedford Memorial Hospital,* 338 F.Supp.2d 609 (W.D.Pa.2004). The court based its reversal on the Order of the Pennsylvania Supreme Court, issued on January 27, 2003, when it promulgated the new Rules of Civil Procedure 1042.1 through 1042.8. *See id.* at 611. The Order included the following sentence: "The new and amended rules shall be applicable to actions commenced on or after the effective date of this Order." Pa. Supreme Court Order, No. 382, January 27, 2003; *see Velazquez II,* 338 F.Supp.2d at 611. This sentence leaves no doubt that the Court intended for the certificate of merit requirement to apply to actions, such as the one at bar, filed on or after the effective date of Rule 1042.3.

Error (MCARE) Act, which *inter alia* requires that a medical expert witness be licensed and be engaged in or retired within the previous five years from practice or teaching. 40 P.S. § 1303.512. The *Bethea* trial took place more than a year after the effective date of the MCARE Act. Nonetheless, because her claim had been filed prior to the effective date of the Act, the appellant-plaintiff argued that application of the MCARE Act's requirements for a medical expert witness to her suit would constitute a retroactive and hence impermissible application. *Bethea, supra* at 224–25. We rejected appellant-plaintiff's argument, finding that the delineation of requirements for an expert witness did not affect any substantive rights of the parties, but rather affected only the procedural avenues by which a party may enforce its rights. *Id.* at 226. The witness's testimony might very well concern events antecedent to enactment of the MCARE Act— but requiring specific, new qualifications on the part of the testifying witness did not give those antecedent events a different legal effect. Therefore, the MCARE Act was not being applied retroactively in *Bethea*.

¶ 13 The same logic applies to the case at bar. Appellant filed his suit months after Rule 1042.3, which made a certificate of merit mandatory in professional malpractice cases, was enacted. He was therefore bound by the requirement to file a certificate of merit. The fact that the certificate of merit would address events that occurred before the enactment of the Rule is irrelevant. The trial court committed no abuse of discretion in denying appellant's petition to strike the judgment in favor of appellees.

¶ 14 Order affirmed.