J. A21012/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CHILDS, | : | |
| | : | |
| Appellant | : | No. 272 EDA 2013 |

Appeal from the Judgment of Sentence January 16, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012722-2010

BEFORE: BOWES, OTT, and STRASSBURGER*, JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED NOVEMBER 10, 2014**

Because I disagree with the Majority memorandum in several respects, I respectfully dissent.

First, I believe the amendments to section 505(b)(2.1) are substantive. "A procedural law addresses the methods by which rights are enforced, in contrast to a substantive law, which directly affects the rights themselves." **Bethea v. Philadelphia AFL-CIO Hosp. Ass'n**, 871 A.2d 223, 226 (Pa. Super. 2005). The provisions of section 505(b)(2.1) govern when it is appropriate for an actor to use deadly force in defending himself. Such provisions "directly" affect the right of self-defense, and are therefore substantive.

Because the amendments are substantive, the legislature had to clearly indicate that it intended them to be retroactive. I see no evidence of

*Retired Senior Judge assigned to the Superior Court.

that intention. The statute governing amendatory legislation makes it clear that "new provisions shall be construed as effective only from the date when the amendment became effective." 1 Pa.C.S. § 1953. "Moreover, amendatory statutes are to be construed retroactively only if such construction is clearly indicated under the provisions of the statute." *Commonwealth v. Shaffer*, 734 A.2d 840, 843 (Pa. 1999). There is no language "clearly" indicating that this statute is to be construed retroactively. Thus, the trial court did not err in refusing to give Appellant's requested instruction, and Appellant is not entitled to a new trial.