J-S17029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                    :  PENNSYLVANIA
                                    :

           v.                        :
                                    :

MAURICIO JOSE BEDOLLA CAMACHO  :
                                    :

          Appellant        :   No. 2653 EDA 2018

Appeal from the Order Entered August 6, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002109-2008

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:               **FILED JUNE 04, 2019**

Appellant, Mauricio Jose Bedolla Camacho, appeals *pro se* from the order entered on August 6, 2018, dismissing, after remand, his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  We affirm.

In a prior appeal from the dismissal of Appellant's petition for collateral relief, we summarized the factual background and procedural history of this case as follows.

> On April 27, 2008, Appellant strangled his ex-girlfriend, Daicy Vazquez-Bedolla, to death.  On May 1, 2009, Appellant confessed to the crime.  On July 12, 2011, Appellant was found guilty of first-degree murder[1] and possessing an instrument of crime.[2]  On September 22, 2011, he was sentenced to [life imprisonment

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 907(a).

without parole together with a concurrent term of one to 60 months' incarceration]. This Court affirmed in part and vacated in part the judgment of sentence and our Supreme Court denied allowance of appeal. ***Commonwealth v. Bedolla Camacho***, 60 A.3d 864 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 72 A.3d 600 (Pa. 2013).[3] After resentencing, Appellant once again appealed and this Court affirmed the judgment of sentence. ***Commonwealth v. Bedolla Camacho***, 87 A.3d 894 (Pa. Super. 2013) (unpublished memorandum).

On January 27, 2014, Appellant filed a *pro se* PCRA petition. On March 6, 2014, counsel was appointed. On August 1, 2014, counsel filed a petition to withdraw with an accompanying letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, Appellant filed a response to counsel's petition to withdraw. On January 15, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. On February 9, 2015, Appellant filed a response to the Rule 907 notice. That same day, the PCRA court dismissed Appellant's PCRA petition and granted counsel's petition to withdraw. [A timely appeal followed in which this Court vacated the PCRA court's dismissal order and remanded the matter after finding that PCRA counsel's ***Turner/Finley*** letter was inadequate because it failed to address one of the claims raised in Appellant's original *pro se* petition, *i.e.* whether trial counsel was ineffective in failing to retain expert testimony to support a heat of passion defense. This Court further directed the appointment of new counsel who should file either an amended PCRA petition or a compliant ***Turner/Finley*** letter and application to withdraw].

***Commonwealth v. Bedolla Camacho***, 672 EDA 2015 (Pa. Super. March 11, 2016) (unpublished memorandum) (certain footnotes omitted).

---

[3] This Court vacated the restitution portion of Appellant's judgment of sentence on procedural grounds.

On remand, newly-appointed PCRA counsel filed a ***Turner/Finley*** letter and a petition to withdraw on April 27, 2017. On May 19, 2017, Appellant filed a response. On September 26, 2017, the PCRA court denied counsel's petition to withdraw without prejudice and ordered the filing of an amended petition. PCRA counsel next filed an amended withdrawal petition on November 8, 2017 and Appellant responded on November 26, 2017. The PCRA court issued notice of its intent to dismiss Appellant's petition on July 20, 2018.[4] Thereafter, the court dismissed the petition and granted counsel leave to withdraw on August 6, 2018.

Appellant presents four issues for our review:

[1. Did the PCRA court err or abuse its discretion on remand when it dismissed Appellant's petition in reliance upon a sworn certification by one[5] of Appellant's trial counsel showing that counsel investigated the retention of an expert to testify in support of a heat of passion defense?

2. Did trial counsel render ineffective assistance when they failed to object to the jury receiving a written copy of a portion of the jury instructions?

3. Did trial counsel render ineffective assistance when they failed to object to the Commonwealth's presentation of surprise evidence?

4. Did trial counsel render ineffective assistance when they failed to request jury instructions regarding evidence of Appellant's prior bad acts or misconduct?]

---

[4] Appellant filed a response to the court's notice of intent to dismiss on August 6, 2018.

[5] Appellant was represented at trial by two attorneys.

- 3 -

J-S17029-19

*See* Appellant's Brief at Part IV (unpaginated).

We apply the following standards when reviewing the denial of collateral

relief.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011); *Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Appellant first challenges the PCRA court's decision to deny relief, without a hearing, based on the *Turner/Finley* letter filed by newly-appointed PCRA counsel on remand. According to Appellant, neither counsel nor the PCRA court complied with the dictates of our remand order in that they failed to ensure that Appellant received the services of a Spanish language translator. Additionally, as Appellant pointed out in his responses to PCRA counsel's *Turner/Finley* letter and the PCRA court's notice of intent to dismiss, PCRA counsel abdicated his duty of advocacy by filing an allegedly

false certification from trial counsel declaring that counsel consulted an expert regarding the heat of passion defense and that the expert reported he could not provide a helpful opinion on the subject.

As a preliminary matter, we observe that Appellant's opening claim is not, strictly speaking, an ineffectiveness claim, although it calls for an assessment of prior counsel's competence. With this in mind, we initially address issues surrounding compliance with the mandates of **Turner/Finley** and then address the underlying effectiveness of trial counsel in preparing a heat of passion defense on behalf of Appellant.

> Counsel seeking to withdraw in PCRA proceedings
>
> must review the case zealously. [ C]ounsel must then submit a "no-merit" letter to the trial court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court . . . must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (internal alteration, ellipses, and citation omitted).

Based upon our review of the record, we are satisfied that Appellant's PCRA counsel fulfilled the requirements under **Turner/Finley** and that the

PCRA court correctly denied relief and permitted counsel to withdraw. Appellant raised eight claims of ineffective assistance of counsel in his original PCRA petition. In its first notice of intent to dismiss, the PCRA court addressed seven of those issues. Our memorandum in Appellant's prior appeal noted that Appellant "requested that PCRA counsel investigate and pursue an ineffectiveness claim based on trial counsel's failure to hire and call an expert witness to support his heat of passion defense." *Commonwealth v. Bedolla Camacho*, 672 EDA 2015 (Pa. Super. March 11, 2016) (unpublished memorandum) at *4. We further observed that "PCRA counsel did not refer to or discuss this claim in his *Turner/Finley* letter and the PCRA court failed to address the claim in its Rule 907 notice." *Commonwealth v. Bedolla Camacho*, 672 EDA 2015 (Pa. Super. March 11, 2016) (unpublished memorandum) at *4. Accordingly, we vacated the PCRA court's order dismissing Appellant's petition and remanded for the appointment of new PCRA counsel, noting that "[n]ew PCRA counsel shall review the record and file **either** an amended petition or a compliant *Turner/Finley* letter." *Commonwealth v. Bedolla Camacho*, 672 EDA 2015 (Pa. Super. March 11, 2016) (unpublished memorandum) (emphasis added) at *5.

On remand, newly-appointed PCRA counsel attached a certification from trial counsel to an amended petition to withdraw filed on November 8, 2017. In the certification, trial counsel described his efforts to retain expert

testimony to support Appellant's heat of passion defense. The certification states:

> If called to testify in the above-captioned case regarding alleged failure to call an expert witness at trial on the issue of heat of passion as a defense to first-degree murder, I would testify to the following: In preparation for trial, I consulted Dr. Bruce Mapes on the issue of whether heat of passion was a possible viable defense to first-degree murder in this case. I provided Dr. Mapes with police reports and all other discovery, as well as [Appellant's] recorded statement to police. After Dr. Mapes reviewed the materials, I thoroughly discussed what he would be able to provide in the form of an expert opinion regarding heat of passion. Dr. Mapes was of the firm opinion that, given the facts of the case, he could not provide a helpful expert opinion on the issue of heat of passion. Of significance, Dr. Mapes noted the manner of the homicide (strangulation), and the fact that [Appellant's] statements did not support heat of passion, including the fact that two ligatures were used. It was my opinion then, based upon everything I had reviewed and then discussed with Dr. Mapes, that no reasonable forensic psychologist or forensic psychiatrist would come to a different conclusion. Prior to trial I explained to [Appellant] that we were not able to obtain an expert to support our defense of heat of passion. At trial, notwithstanding the lack of an expert witness on the issue of heat of passion, I nonetheless presented heat of passion to the jury as a defense.

Amended Petition to Withdraw as PCRA Counsel, 11/8/17, at Exhibit A. Based upon the certification prepared by trial counsel and filed by newly-appointed PCRA counsel, the PCRA court found that trial counsel was not ineffective.

The record demonstrates that Appellant has had the benefit of review by PCRA counsel (original and newly-appointed following remand) of all issues leveled in the original petition and that the PCRA court independently certified that those issues lack merit. Moreover, Appellant cites no evidence to support his bald allegation that trial counsel's certification contained falsehoods.

Because the PCRA court's assessments are supported by the record and free of legal error, we conclude that the court correctly dismissed Appellant's petition and granted counsel's petition to withdraw.

In his second claim, Appellant complains that trial counsel was ineffective in failing to object to the trial court's decision to permit the jury to possess written instructions concerning the elements of the charged offenses during their deliberations. In rejecting this claim, the PCRA court stated as follows.

> Pa.R.Crim.P. 646 provides in relevant part:
>
> The trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.
>
> Pa.R.Crim.P. 646(B). This subsection became effective in 2009. Even though the crime for which [Appellant] was on trial occurred in 2008, the trial occurred in 2011. Since Pa.R.Crim.P. 646(B) was in effect at the time of trial, it was proper for the trial judge to give written jury instructions to the members of the jury during deliberations. Trial counsel, therefore, was not ineffective for failing to object to same.

Notice of Intent to Dismiss, 1/15/15 (unpaginated).

The PCRA court's conclusion is free of legal error. Contrary to Appellant's contention that the application of Pa.R.Crim.P. 646 violates his constitutional rights against *ex post facto* application of legal rules, it is well-settled in Pennsylvania that purely procedural rules may be applied retroactively. **See Commonwealth v. Estman**, 915 A.2d 1191 (Pa. 2007);

- 8 -

***Morabito's Auto Sales v. Commonwealth,*** 715 A.2d 384, 386 (Pa. 1998) ("It is well settled, however, that legislation concerning purely procedural matters will be applied not only to litigation commenced after its passage, but also to litigation existing at the time of passage."). Procedural laws are those which address methods by which rights are enforced. ***Id***. Because Pa.R.Crim.P. 646 is addressed to how the jury would determine issues at Appellant's trial, it is procedural in nature and could be applied retroactively. Hence, this claim merits no relief.

In his third claim, Appellant argues that trial counsel was ineffective in failing to object to the Commonwealth's alleged failure to produce various documents and reports. The certified record does not include pertinent portions of the trial transcripts and this aspect of Appellant's argument is so unfocused and poorly developed that we are unable to undertake proper appellate review. Hence, this claim is waived. ***See Karn v. Quick & Reilly Inc.***, 912 A.2d 329, 336 (Pa. Super. 2006) ("arguments which are not appropriately developed are waived").

In his final claim, Appellant alleges that trial counsel was ineffective for failing to request a jury instruction that would guide the jury's deliberations concerning prior bad acts or improper conduct committed by Appellant. The PCRA court concluded that the instruction referenced by Appellant did not apply since there was neither proof, nor an allegation, that Appellant actually committed a prior bad act. ***See*** Notice of Intent to Dismiss 1/15/15

(unpaginated) (explaining that conduct to which Appellant referred involved a prior **false** declaration Appellant made to his brother in which he claimed to have killed the victim). Since there was no actual prior bad act or improper conduct, trial counsel was not ineffective in failing to request an instruction under Pennsylvania Standard Jury Instruction 3.08, governing a jury's consideration of evidence of other offenses as substantive proof of guilt. Appellant's final claim merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/19