IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherri Corsaro,        :
      Petitioner    :
             :  No.  1008 C.D. 2021
    v.         :
             :  Submitted:  February 11, 2022
Commonwealth of Pennsylvania and  :
Inservco Insurance Services, Inc.   :
(Workers' Compensation Appeal   :
Board),          :
      Respondents  :

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE CHRISTINE FIZZANO CANNON, Judge
       HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: November 2, 2022


     Sherri Corsaro (Claimant) petitions for review of the August 25, 2021 Opinion and Order (Order) of the Workers' Compensation Appeal Board (Board). The Board affirmed the January 14, 2021 Decision and Order of the Workers' Compensation Judge (WCJ), which granted the Commonwealth of Pennsylvania's (Employer) Petition to Modify Claimant's Compensation Benefits (Petition to Modify).  The WCJ converted Claimant's wage loss benefits from total disability to partial disability based on an Impairment Rating Evaluation (IRE) performed pursuant to Section 306(a.3) of the Pennsylvania Workers' Compensation Act (Act).[1] Claimant lodged constitutional objections to Section 306(a.3) before the WCJ and the Board,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*.  Section 306(a.3) was added to the Act by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

both of which overruled the objections. In her Petition to this Court, Claimant lodges the same objections for our consideration. Upon review, we affirm the Board's decision.

## I. BACKGROUND AND PROCEDURAL HISTORY
### WCJ Decision and Order

On February 16, 2015, Claimant was injured during the course and scope of her employment when she slipped and fell on icy pavement and injured her lower back and hips and lacerated her left knee. (WCJ Decision and Order, 11/14/21, Findings of Fact (FOF) No. 1; Reproduced Record (R.R.) at 026.) Claimant and Employer entered into a Supplemental Agreement in which Employer accepted liability for Claimant's work injury. *Id.* Soon thereafter, Claimant began receiving weekly temporary total disability (TTD) benefits. *Id.*

On August 6, 2020, Employer filed a Petition to Modify, asserting that Claimant's benefits should be converted from TTD to partial disability based upon an IRE performed by Jeffrey Moldovan, D.O., on July 7, 2020. (FOF No. 2; R.R. at 026.) The WCJ found that Employer had proven that Claimant had a whole-body impairment of zero percent under the American Medical Association (AMA) Guides to the Evaluation of Permanent Impairment, Sixth Edition, Second Printing (*Guides*). (FOF No. 5; R.R. at 027.) Claimant offered no medical evidence to the contrary. Instead, her counsel raised constitutional challenges to Section 306(a.3). *Id.* The WCJ concluded that he did not have jurisdiction to consider Claimant's constitutional challenges, but nevertheless noted that they were preserved for appeal. *Id.* The WCJ modified Claimant's benefits to partial disability effective July 7, 2020. (WCJ Decision and Order, 1/14/21, Conclusions of Law (COL) No. 3 and Order; R.R. 028-29.) Claimant then appealed to the Board.

2

**Board's Opinion**

On August 25, 2021, the Board issued its Order affirming the WCJ. Before the Board, Claimant argued that the retroactive application of the IRE process contained in Section 306(a.3) to an injury that occurred before Act 111's effective date is unconstitutional. (R.R. at 038.) Claimant argued that such retroactive application curtails her vested right to compensation in violation of the Remedies Clause of the Pennsylvania Constitution.[2] *Id.* The Board concluded that it, like the WCJ, has no jurisdiction to determine the constitutional validity of its own enabling legislation. *Id.* at 039. The Board nevertheless concluded that Claimant's challenges to the constitutionality of Act 111 have been addressed and rejected by this Court in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth. 2021). The Board accordingly affirmed the WCJ's determination. *Id.* at 039-43. Claimant now petitions this Court for review.[3]

---

[2] Pa. Const. art. I, §11 ("All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.").

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 838 (Pa. 2013). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *City of Philadelphia v. Workers' Compensation Appeal Board (Kriebel)*, 29 A.3d 762, 769 (Pa. 2011).

## II. DISCUSSION

On September 18, 2015, approximately seven months after Claimant's injury, this Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) *(Protz I)*, *aff'd in part and rev'd in part*, 161 A.3d 827 (Pa. 2017) *(Protz II)*, declaring former Section 306(a.2) of the Act[4] void in its entirety. In *Protz II*, the Pennsylvania Supreme Court held that the General Assembly, in authorizing the application of future versions of the *Guides* without review, had unconstitutionally delegated its lawmaking authority in violation of the non-delegation doctrine of the Pennsylvania Constitution.[5] 161 A.3d at 840-841. The Court invalidated Section 306(a.2) in its entirety.

---

[4] Section 306(a.2), added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, was repealed by Act 111 and replaced by Section 306(a.3). Section 306(a.2) provided, in pertinent part, as follows:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any . . . . The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the [*Guides*] . . . (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits. . . . If such determination results in an impairment rating less than fifty per centum impairment . . . the employe shall then receive partial disability benefits under class (b) . . . .

*Former* 77 P.S. § 511.2.

[5] Pa. Const. art. II, § 1 ("The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives.").

On October 24, 2018, in response to *Protz II*, the General Assembly passed Act 111, which replaced former Section 306(a.2) of the Act with Section 306(a.3). Section 306(a.3) reads in relevant part:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the [*Guides*].

> (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum . . ., the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than thirty-five per centum impairment . . ., the employe shall then receive partial disability benefits under class (b) . . . .

77 P.S. § 511.3. Section 3 of Act 111 further provides, in pertinent part, as follows:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under section 306(a.3)(1) of the [A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of section 306(a.3) of the [A]ct.

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the [A]ct, an insurer shall be given credit for

5

weeks of partial disability compensation paid prior to the effective date of this paragraph.

77 P.S. § 511.3, Historical and Statutory Notes.

In *Pierson*, the claimant sustained a work-related injury on August 13, 2014. The employer acknowledged the injury via a Notice of Compensation Payable (NCP), and the claimant received TTD benefits. 252 A.3d at 1171. On December 21, 2018, the employer filed a modification petition pursuant to newly enacted Section 306(a.3) seeking to change the claimant's benefits from TTD to partial disability based on an IRE performed on December 19, 2018. *Id.* at 1172. The claimant lodged constitutional challenges to Section 306(a.3) before both the WCJ and the Board, both of which declined to address the challenges. *Id.* at 1171-72.[6] On appeal to this Court, the claimant argued that (1) Section 306(a.3) is unconstitutional "on its face," and (2) Section 306(a.3) cannot be applied retroactively to claims that originated (*i.e.*, have an injury date) prior to October 24, 2018, the effective date of the new IRE mechanism. *Id.* at 1174. The claimant further argued that Act 111 involved a change in substantive law, that *Protz II* invalidated any IRE mechanism that could apply to his claim, and that the application of Act 111 to his claim retroactively violated "vested rights specifically secured by due process and the Remedies Clause of the Pennsylvania Constitution." *Id.* at 1175.

We rejected the claimant's arguments, relying chiefly on our prior decisions in *Pennsylvania AFL-CIO* and *Rose Corporation.* Because our analysis in *Pierson* is controlling here, we quote it at length:

> In [*Pennsylvania AFL-CIO*], we determined [that] Act 111 was not an unconstitutional delegation of legislative authority, as the prior IRE provision of the Act was determined to be. . . . Our opinion in *Pennsylvania AFL-CIO* was affirmed by a brief *per*

_____

[6] The claimant in *Pierson* also challenged the credibility of the physician performing the subject IRE, an issue not before us in this appeal.

6

*curiam* order of our Supreme Court. . . . Although we acknowledge that the determination in *Pennsylvania AFL-CIO* was relative to whether Act 111 was an unconstitutional delegation of legislative authority, it was nevertheless a test of [the] [ ] assertion that Act 111 is unconstitutional "on its face," and the consensus was that it is not. . . .

In addition, and in regard to the issue of the retroactive application of the 104-week and credit provisions of Act 111, we first address [the] [ ] contention that *Protz II* rendered former Section 306(a.2) of the Act void *ab initio* . . . .

In [*Warren v. Folk*, 886 A.2d 305, 308 (Pa. Super. 2005)], the Pennsylvania Superior Court explained that it, and our Supreme Court, had considered the issue of retroactivity in terms of whether the statute in question affects vested rights and determined that

> [w]here no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events prior to that date. . . . A "vested right" is one that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." [(citations omitted).]

While [the] [c]laimant, here, argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of TTD benefits.

7

As this Court opined in *Rose Corporation*, the General Assembly made it clear in [Section 3 of] Act 111 that weeks of TTD and partial disability paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111. In *Rose Corporation*, we said, in reference to Act 111:

> The plain language of Section 3 establishes a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid. First, Section 3(1) provides that an employer/insurer "shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph" for purposes of determining whether the 104 weeks of total disability had been paid. This 104 weeks is important because, under both the former and current IRE provisions, a claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation. 77 P.S. § 511.3(1); *former* 77 P.S. § 511.2(1). *See* Section 3(1) of Act 111. Therefore, pursuant to Section 3(1), an employer/insurer will receive credit towards this 104 weeks for any weeks of total disability benefits that were previously paid prior to Act 111's enactment. Second, an employer/insurer will be given credit for any weeks of partial disability compensation paid prior to enactment of Act 111 "for the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the [ ] Act." Section 3(2) of Act 111. In short, any weeks of partial disability previously paid will count towards the 500-week cap on such benefits.

[*Rose Corporation*], 238 A.3d at 561-62. [W]e also added: "Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid." [*Id.*] at 562.

8

. . . .

> [The] [c]laimant, herein [ ] argues that the General Assembly cannot take away his "vested rights" and that it did not explicitly express an intent to apply the provisions of Act 111 in any sort of a retroactive fashion. As we noted above, [the] [c]laimant's "vested rights" have not been abrogated by Act 111. Further, we believe it is clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect, where, as we noted in *Rose Corporation*, it stated in plain language it was doing so. Thus, "[the c]laimant does not prevail in his arguments relative to the constitutionality of Act 111, and we see no reason to disturb the Board's Order affirming the WCJ.

*Pierson*, 252 A.3d at 1178-80.

Claimant here argued before the WCJ and Board, and now argues to this Court, that the retroactive application of Act 111 to her case is contrary to the Remedies Clause of the Pennsylvania Constitution. She further argues that the Pennsylvania Supreme Court consistently has declined to retroactively apply substantive laws that alter a vested right, remedy, or accrued cause of action. (Pet'r's Brief at 11, 13-14.) Accordingly, citing *Protz II*, Claimant contends that the Pennsylvania Supreme Court's invalidation of former Section 306(a.2) eliminated the mechanism in place at the time of her injury for the re-evaluation of benefits by the performance of an IRE. Thus, according to Claimant, application here of the new IRE mechanism in Act 111 would be unconstitutional. Employer correctly notes, and we conclude, that all of the above arguments regarding Act 111's constitutionality were raised in, and thoroughly rejected by, this Court in *Pierson*, which we continue to conclude was correctly decided.

9

### III. CONCLUSION

Claimant does not otherwise challenge the qualifications of Dr. Moldovan or the finding that her impairment rating is well below the 35% whole-body impairment threshold. Nor does Claimant argue that the WCJ or Board erred in any respect other than applying Act 111 to her case. Accordingly, because *Pierson* squarely forecloses Claimant's arguments here, we will affirm the Board's determination.

_____
PATRICIA A. McCULLOUGH, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherri Corsaro,                              :
                Petitioner                :
                                   :
        v.                              :
                                   :
                                 :  No.  1008 C.D. 2021
Commonwealth of Pennsylvania and    :
Inservco Insurance Services, Inc.           :
(Workers' Compensation Appeal          :
Board),                                      :
                Respondents            :

## ***ORDER***

       AND NOW, this 2nd day of November, 2022, the August 25, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

                                 _____
                                 PATRICIA A. McCULLOUGH, Judge