IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yolanda White,  :
               Petitioner  :
    :
        v.  :  No. 1463 C.D. 2019
    :  Submitted: June 11, 2020
Workers' Compensation Appeal  :
Board (City of Philadelphia),  :
               Respondent  :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

**OPINION**
**BY JUDGE CROMPTON**                 **FILED**: **August 17, 2020**


      Yolanda White (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed in part (as amended) and vacated in part an order of Workers' Compensation Judge (WCJ) Scott Olin (the WCJ) granting the reinstatement petition filed by Claimant against the City of Philadelphia (Employer). Claimant asserts the Board erred by permitting Employer to take a credit for partial disability benefits received where Claimant's impairment rating, determined under the now unconstitutional impairment rating evaluation (IRE) provisions of the Workers' Compensation Act (Act),[1] was 36%, and the new

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

Act 111 IRE provisions[2] do not permit a change in disability status when a claimant's impairment rating is 35% or greater. Claimant further contends that the Board erred by amending the effective date of the WCJ's decision to reinstate her total disability benefits to the date upon which she filed her reinstatement petition, *i.e.*, October 7, 2015, rather than December 4, 2013, the date upon which her benefits were modified from total to partial disability based on the former IRE provisions of the Act. In addition, Claimant asserts that this latter reinstatement date would allow Employer a credit for partial disability weeks which were accrued under a now unconstitutional IRE process.

## I. Background

The facts are not in dispute. On January 27, 2005, Claimant broke her right foot in three places when she was hit by an SUV in the course of her employment as "a City heavy line equipment truck driver" for Employer. Reproduced Record (R.R.) at R14a-R15a (WCJ's October 31, 2018 Decision and Order, Finding of Fact (F.F.) Nos. 1 and 7). On December 4, 2013, Claimant underwent an IRE, per former Section 306(a.2) of the Act. *Former* 77 P.S. §511.2. The doctor who conducted the IRE determined that Claimant had a 36% whole body impairment rating,[3] and as a result, Employer filed a modification petition, which was granted by a WCJ who was previously assigned in the matter. This earlier WCJ's decision modified Claimant's disability status from total to partial, for a

---

[2] Section 306(a.3) of the Act, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

[3] *Former* Section 306(a.2) of the Act provided for modification from total to partial disability when a claimant was shown to have an impairment rating of less than 50%.

period of 500 weeks,[4] effective December 4, 2013. Claimant did not appeal this modification of her benefits.

On October 7, 2015, prior to the expiration of her 500 weeks of partial disability benefits, Claimant filed a reinstatement petition seeking to nullify her IRE based on this Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part & rev'd in part*, 161 A.3d 827 (Pa. 2017) (*Protz II*). In *Protz I*, we held that Section 306(a.2) of the Act constituted an unconstitutional delegation of legislative authority insofar as it prospectively approved versions of the American Medical Association's (AMA) *Guides to the Evaluation of Permanent Impairment* (*Guides*) beyond the Fourth Edition[5] without review. Claimant's IRE had been performed using the Sixth Edition of the *Guides*.

Before the conclusion of the litigation of Claimant's reinstatement petition in the present matter, our Supreme Court issued its opinion in *Protz II*, holding that the IRE provisions of Section 306(a.2) of the Act violated the non-delegation doctrine of the Pennsylvania Constitution,[6] and striking the entirety of that section from the Act. *See* Bd. Op., 10/2/19, at 1-2.

---

[4] Section 306(b)(1) of the Act, 77 P.S. §512(1), limits a claimant's receipt of partial disability benefits to 500 weeks.

[5] The Fourth Edition of the *Guides* was in effect at the time the IRE provisions of the Act were first enacted.

[6] Pa. Const. art. II, §1 states: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

In a decision and order circulated on October 31, 2018, the WCJ granted Claimant's reinstatement petition and determined Claimant was entitled to reinstatement of temporary total disability benefits. In addition, the WCJ determined Employer was not entitled to a credit for any weeks of partial disability benefits paid to Claimant. *See* F.F. Nos. 4-6; R.R. at R15a-R17a. Employer appealed to the Board.

In its opinion and order, the Board affirmed the WCJ's determination that Claimant was entitled to a reinstatement from partial to total disability benefits. However, the Board modified the decision to reflect that the reinstatement of Claimant's total disability benefits was effective the date she had filed her reinstatement petition, *i.e.*, October 7, 2015, rather than the effective date of her conversion from total to partial disability benefits on December 4, 2013. The Board also vacated the WCJ's determination that Employer was not entitled to a credit for the weeks of partial disability benefits it had already paid to Claimant, stating that "the credit provision is triggered only when the IRE process is initiated under Section 306(a.3)(1) of Act 111." *See* Bd. Op. at 6. Claimant filed a petition for review with this Court.[7]

## II. Appeal

On appeal, Claimant contends that the Board erred by granting Employer a credit for partial disability it had paid to Claimant where Claimant's impairment rating is 36% and where Act 111 does not permit a change in disability

---

[7] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013).

4

status if an impairment rating is 35% or higher. Claimant also challenges the Board's amendment of the WCJ's decision to include a reinstatement date of October 7, 2015, rather than the date of modification from total to partial disability, *i.e.*, December 4, 2013, where our Supreme Court determined Section 306(a.2) of the Act was unconstitutional. In addition, Claimant asserts that this latter reinstatement date would allow Employer to take a credit for partial disability weeks which were accrued under a now unconstitutional IRE process.

## A. Applicable Law and Timeline

For the sake of context and elucidation, albeit at the risk of some redundancy, we provide a brief timeline and overview of some of the prominent case law and statutory developments that are pertinent to the present matter.

On September 18, 2015, we issued our decision in *Protz I*. In *Protz I*, we considered whether Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority pursuant to article II, section 1 of the Pennsylvania Constitution, in that it gave the AMA the authority to establish the criteria under which a claimant would be adjudicated partially or totally disabled. In our decision, we held that Section 306(a.2) of the Act constituted an unconstitutional delegation of legislative authority insofar as it prospectively approved versions of the *Guides* beyond the Fourth Edition without review. As a remedy in *Protz I*, we remanded to the Board to remand to the assigned WCJ to apply the Fourth Edition of the *Guides*, which was the version of the *Guides* in effect at the time the IRE provisions were enacted.

Claimant in the present matter filed her reinstatement petition on October 7, 2015, approximately three weeks after our decision in *Protz I*.

Nearly two years later, on June 20, 2017, our Supreme Court, in *Protz II*, also addressed the issue of the constitutionality of Section 306(a.2) of the Act. In *Protz II*, the Court held that the General Assembly unconstitutionally delegated its lawmaking authority in violation of the non-delegation doctrine of article II, section 1 of the Pennsylvania Constitution and struck Section 306(a.2) in its entirety from the Act. The Court determined that the IRE provisions of Section 306(a.2) of the Act were unconstitutional because they provided for an improper delegation of legislative powers. Based on this determination, the Court struck that section from the Act in its entirety. Former Section 306(a.2) of the Act read, in pertinent part:

(1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks…the employe shall be required to submit to a medical examination…to determine the degree of impairment due to the compensable injury, if any . . . . The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the [AMA Guides] . . . . (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than fifty per centum impairment . . . the employe shall then receive partial disability benefits under clause (b) . . . .

*Former* 77 P.S. §511.2 (emphasis added).

6

In June 2018, we considered the issue of whether a claimant, who had her disability status modified in 2008 based on a now-unconstitutional IRE, was entitled to the benefit of *Protz II* when she failed to challenge the constitutionality of the IRE upon which the modification of her benefits was based for more than seven years. *See Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018). In *Whitfield*, the claimant had her total disability benefits converted to partial disability benefits based on a June 13, 2006 IRE performed under the Fifth Edition of the *Guides*, and she received benefits from September 2002, until her last payment of compensation in mid-July 2015. About a month after *Protz I* was decided, the claimant sought reinstatement of her total disability benefits. We held that because the claimant filed for reinstatement of her benefits within three years of her last compensation payment as permitted by Section 413(a) of the Act, 77 P.S. §772, she was entitled, as a matter of law, to seek modification of her disability status based upon the *Protz* decisions. We also held, however, that in order to be entitled to reinstatement of total disability benefits based upon a now-unconstitutional IRE, a claimant must demonstrate that she continues to be disabled, which she may prove through her own testimony. The burden then shifts to the employer to prove the contrary. We stated that so long as the claimant's testimony is credited, and the employer presents no evidence to the contrary, the claimant is entitled to reinstatement as of the date the reinstatement petition is filed. We cautioned, though, that "[s]imply because *Protz II* is being applied to [this] case[, which] arose from a work injury and a change in disability status that predates it[,] did not mean it operates retroactively." *Whitfield*, 188 A.3d at 617.

7

Citing our 1980 opinion in *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980), we noted: "A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence." *Whitfield,* 188 A.3d at 616. We added: "Our decision today does not impose any new legal consequences based upon a past transaction. . . . This decision does not alter [a c]laimant's past status." *Id*. at 617. We relied on *Warren v. Folk*, 886 A.2d 305 (Pa. Super. 2005), to further explain when a law is to be given retroactive effect. In *Warren*, the Pennsylvania Superior Court explained that it, and our Supreme Court, had considered the issue of retroactivity in terms of whether the statute in question affects vested rights and determined that

> [w]here no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events prior to that date. . . . A "vested right" is one that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent."

*Id*. at 308.

On October 11, 2018, we issued our opinion in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018), which was recently affirmed by our Supreme Court. *See Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, __ A.3d __ (Pa., No. 44 MAP 2019, filed June 16, 2020). In *Dana Holding*, the claimant was injured at work in April 2000. In June 2014, he underwent an IRE in which he was determined to have a whole body impairment rating of 11% under the Sixth Edition of the *Guides*. As a result, the employer sought to modify claimant's disability status from total to

8

partial. However, *Protz I* was decided before the assigned WCJ ever issued a decision. At that point, the employer sought to reopen the record and introduce a new IRE using the Fourth Edition of the *Guides,* as permitted by *Protz I*. The WCJ allowed employer to do so, and under the Fourth Edition, the claimant was found to be 15% impaired. The WCJ modified the claimant's benefits to partial disability effective June 20, 2014, the date of the first IRE, and both the claimant and the employer appealed to the Board.

The Board granted the employer's request for a stay pending the outcome in *Protz II*. Once the *Protz II* decision was issued, the Board reversed the WCJ's decision and reinstated the claimant to total disability effective June 20, 2014. The employer then appealed to this Court, arguing the Board erred in applying *Protz II* retroactively.

We determined that *Protz II* should apply in *Dana Holding* because the claimant's disability status/IRE was still being actively litigated and, thus, was not final when the *Protz* decisions were issued. We further held that, in such circumstances, the claimant should be returned to total disability as of the date of the IRE, not merely as of the date of the decision in *Protz II*. We rejected the employer's argument that it had a vested right at stake and that it should receive a credit for three years of "temporary disability," from the June 20, 2014 IRE to the date of the decision in *Protz II, i.e.*, June 20, 2017, which should be counted towards the claimant's limit of 500 weeks of partial disability compensation. *Dana Holding*, 195 A.3d at 642-43. We held that the claimant did not waive his right to challenge the constitutionality of his IRE, in part because employer had made it an issue when

9

it sought to reopen the record to introduce a new IRE under the Fourth Edition of the *Guides*, per *Protz I*.

On October 24, 2018, Act 111 took effect, replacing Section 306(a.2) of the Act with new Section 306(a.3). Section 306(a.3) of the Act reads in pertinent part:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any . . . . The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the [AMA Guides], 6th edition (second printing April 2009) . . . . (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than thirty-five per centum impairment…the employe shall then receive partial disability benefits under clause (b) . . . .

77 P.S. §511.3 (emphasis added).

Section 3(2) of Act 111 states: "For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the Act, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph." 77 P.S. §511.3, Historical and Statutory Notes.

## B. Analysis

Considering Claimant's arguments in reverse order, we disagree with the assertion that the Board improperly amended the WCJ's order to make it clear that Claimant's reinstatement to total disability was to begin as of the date she filed her reinstatement petition rather than the date of her conversion from total to partial disability.

Claimant asserts that our opinion in *Dana Holding*, rather than *Whitfield*, is controlling in the present matter.[8] Specifically, Claimant argues that the present matter is distinguishable from *Whitfield* because Claimant filed her reinstatement petition within her 500 weeks of partial disability, not after the 500-week period of partial disability was exhausted, as was the case in *Whitfield*. However, Claimant misapprehends the distinction between *Whitfield* and *Dana Holding* which makes *Whitfield* more applicable to the matter before us. Here, it is not that Claimant filed her reinstatement petition within the 500-week period of partial disability; rather it is that Claimant previously had her benefits modified from total to partial disability effective 2013, did not appeal that decision, and is seeking reinstatement of her benefits, via a reinstatement petition filed in October 2015, after the decision in *Protz I*. This makes the present Claimant more like the claimant in *Whitfield* than the claimant in *Dana Holding*, who was still in the process of litigating her reinstatement petition when *Protz I* and its progeny began to be decided. In fact, in *Dana Holding*, we specifically limited our holding as follows: "We reiterate that

---

[8] Due to the timing of Claimant's appeal, her argument to this Court relies on our 2018 *Dana Holding* opinion, *i.e.*, *Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018), which our Supreme Court recently affirmed in *Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, __ A.3d __ (Pa., No. 44 MAP 2019, filed June 16, 2020).

11

our holding is limited to cases, such as this, where the underlying IRE was still being actively litigated when *Protz II* was issued. The extent to which *Protz II* may be retroactively applied to another factual scenario is not currently before us." *Dana Holding*, 195 A.3d at 642 n.9. In its opinion affirming this Court, our Supreme Court acknowledged this limitation and stated "the Commonwealth Court did not err in applying the *Protz* standard 'to the case on appeal at the time of this Court's decision,' retroactive to the date of the IRE." Our Supreme Court further stated "our present decision stands for the principle that the general rule in Pennsylvania will be that, at least where prior judicial precedent [is not] overruled, a holding of this Court that a statute is unconstitutional will generally be applied to cases *pending on direct appeal* in which the constitutional challenge has been raised and preserved." *Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, __ A.3d __ (Pa., No. 44 MAP 2019, filed June 16, 2020), slip op. at 31-32 (emphasis added). "[W]e agree with the Commonwealth Court that a disability modification is not vested when it remains subject to *a preserved challenge* pursued *by a presently aggrieved claimant*." *Id*. at 34 (emphasis added). In the present matter, Claimant was not litigating the underlying IRE when *Protz II* (or for that matter *Protz I*) was issued. Claimant's modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, Claimant here is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial.

Next, we address Claimant's contention that the Board erred by vacating the portion of the WCJ's decision that Employer was *not* entitled to a credit for partial disability benefits already paid to Claimant. Claimant maintains that this

was tantamount to granting Employer said credit. However, the Board's order did *not* grant a credit. The Board merely stated that the plain language of Act 111 is that its credit provision is triggered only when the IRE process under Section 306(a.3) is initiated. Since Employer did not initiate the IRE process under Act 111, the Board determined the WCJ's finding that Employer was not entitled to a credit was premature. *See* Bd. Op. at 6-7; R.R. at R8a-R9a. We agree in that the prerequisite of Employer seeking a new IRE under Section 306(a.3) never occurred. Thus, the matter of whether Employer is entitled to a credit was not actually before the WCJ, the Board, or us.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
J. ANDREW CROMPTON, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yolanda White,                              :
                      Petitioner            :
                                            :
         v.                                 :    No.  1463 C.D. 2019
                                            :
Workers' Compensation Appeal                :
Board (City of Philadelphia),               :
                      Respondent            :

# **O R D E R**

**AND NOW**, this 17th day of August 2020, the October 2, 2019 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yolanda White,                          :
                 Petitioner      :
                            :
         v.                          :   No. 1463 C.D. 2019
                            :   Submitted: June 11, 2020
Workers' Compensation Appeal           :
Board (City of Philadelphia),           :
                 Respondent      :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

CONCURRING OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: August 17, 2020

       Act 111[1] can be construed to entitle Yolanda White (Claimant) to a reinstatement of her total disability status as of December 4, 2013, the date of her impairment rating evaluation (IRE). This alternate construction is set forth in my concurring opinion in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, ___A.3d ___ (Pa. Cmwlth., No. 661 C.D. 2019, filed August 17, 2020) and is hereby incorporated by reference.

       Section 3(2) of Act 111[2] provides that an employer's partial disability payments made "prior to the effective date" of Act 111 will be credited towards a

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[2] Section 3 of Act 111 provides:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under section 306(a.3)(1) of the act, *an insurer shall be given credit for weeks of total disability*

claimant's maximum of 500 weeks of partial disability. This lookback provision, together with Act 111's immediate effective date, can be construed to express an intention by the General Assembly to authorize the use of an IRE that conforms to Act 111's standards, even if done before the passage of Act 111. Accordingly, an employer's payments of partial disability compensation made prior to Act 111 will be credited to the claimant's maximum only where those payments were made pursuant to an IRE that conformed to Act 111's standards.

Here, Claimant's IRE was done under the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) and produced a whole body impairment of 36%.[3] The results of this IRE do not authorize a modification of a claimant's disability status under Act 111. Under the alternate construction of Act 111, the City of Philadelphia (Employer) would not be entitled to a credit under Section 3(2) of Act 111 for weeks of partial disability benefits it paid to Claimant from December 4, 2013, to October 7, 2015,

---

*compensation paid prior to the effective date of this paragraph.* This section shall not be construed to alter the requirements of section 306(a.3) of the act.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the act, *an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.*

Act 111, §3 (emphasis added).

[3] Section 306(a.3)(4) of the Workers' Compensation Act (Act) states:

An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, *That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than thirty-five per centum impairment* under the American Medical Association "Guides to the Evaluation of Permanent Impairment," 6th edition (second printing April 2009).

Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of Act 111, 77 P.S. §511.3(4) (emphasis added).

and Claimant would be entitled to a reinstatement of her total disability status as of the date of her IRE.

The Workers' Compensation Appeal Board believes that Act 111 comes into play only if the claimant undergoes a new IRE on or after the effective date of Act 111. *See White v. City of Philadelphia* (Workers' Compensation Appeal Board, No. A18-1204, filed October 2, 2019), slip op. at 6. There is no language in Act 111 to support the Board's belief. *Cf.* Section 2 of the Act of October 23, 2014, P.L. 2905, No. 189 (stating that amendment to Vehicle Code "applies to persons sentenced on or after effective date of this section"). The Board's interpretation requires a redundant IRE and may provide a benefit to the employer, but it provides none to the claimant.

Nevertheless, our Supreme Court's recent holding in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, __ A.3d __ (Pa., No. 44 MAP 2019, filed June 16, 2020), has implicitly adopted the position that a claimant must undergo a new IRE in order for Section 3(2) of Act 111 to have effect. Accordingly, I am constrained to join the majority.

_____
MARY HANNAH LEAVITT, President Judge

MHL-3

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yolanda White,                  :
               Petitioner     :
                          :
           v.              :   No. 1463 C.D. 2019
                          :   Submitted: June 11, 2020
Workers' Compensation Appeal Board  :
(City of Philadelphia),         :
               Respondent   :

BEFORE:    **HONORABLE MARY HANNAH LEAVITT,** President Judge
               **HONORABLE RENÉE COHN JUBELIRER,** Judge
               **HONORABLE P. KEVIN BROBSON,** Judge
               **HONORABLE MICHAEL H. WOJCIK,** Judge
               **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
               **HONORABLE ELLEN CEISLER,** Judge
               **HONORABLE J. ANDREW CROMPTON,** Judge

**CONCURRING OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: August 17, 2020**

     I concur in the majority's affirmance of the Order of the Workers' Compensation (WC) Appeal Board (Board), which reinstated Yolanda White (Claimant) to total disability status as of the date she filed her reinstatement petition, October 7, 2015. I write separately to clarify that the effect of this holding, as Claimant recognizes, is that the intervening period from the date of the impairment rating evaluation (IRE), December 4, 2013, until the reinstatement petition was filed on October 7, 2015, would remain partial disability weeks. Whether the City of Philadelphia (Employer) actually receives credit for those weeks of partial disability benefits until Claimant returns to partial disability status does not alter this determination. By granting reinstatement as of the date of the reinstatement petition,

pursuant to *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), the Court is establishing the time periods in which Claimant is considered totally disabled and considered partially disabled. I recognize that Section 3(2) of Act 111,[1] which provides employers and insurers credit for weeks of partial disability previously paid, may have no practical effect until Claimant returns to partial disability status, but I believe phrasing this as the Court "deferring" ruling on this issue now only further complicates an already complicated issue. Claimants, employers, and insurers need clarity on the issue raised and decided in this appeal and on Section 306(a.3) of the Workers' Compensation Act,[2] 77 P.S. § 511.3, to know how to manage their claims.

For these reasons, I respectfully write separately to clarify my understanding of the Court's decision affirming the Board's Order granting reinstatement of total disability as of the date of the reinstatement petition as ultimately finding the weeks between the date of the IRE and date of reinstatement to remain weeks of partial disability.

---

**RENÉE COHN JUBELIRER,** Judge

---

[1] Act of October 24. 2018, P.L. 714, No. 111 (Act 111). Section 3(2) of Act 111 provides, in pertinent part, that "[f]or the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [WC A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph."

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.1, 2510-2710. Section 306(a.3) was added by Act 111.