IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberly Hender-Moody,       :
      :
               Petitioner    :
      :
           v.            : No. 166 C.D. 2021
      : Submitted: June 11, 2021
American Heritage Federal       :
Credit Union (Workers'       :
Compensation Appeal Board),       :
      :
               Respondent :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge[1]
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                   FILED: February 15, 2022


        Kimberly Hender-Moody (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) granting American Heritage Federal Credit Union's (Employer) Modification Petition based on an Impairment Rating Evaluation (IRE), and modifying Claimant's indemnity benefits from total to partial disability. Claimant challenges as unconstitutional the retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation

_____

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

Act (Act),[2] altered the criteria for determining whether a claimant's disability is total or partial, and provided that an impairment rating of less than 35% constitutes a partial disability. Upon review, we affirm.

## I. Background

On June 4, 2013, Claimant sustained a work-related cervical and right shoulder sprain/strain (2013 Injury). Employer accepted liability for the injury and paid disability benefits for various periods. Thereafter, Claimant filed a Claim Petition to include a work-related injury in the nature of an aggravation of migraine headache syndrome that occurred on February 2, 2015 (2015 Injury). By decision and order circulated on October 24, 2016, the WCJ granted Claimant's Claim Petition. The WCJ suspended benefits for the 2013 Injury and awarded total disability benefits for the 2015 Injury as of February 2, 2015, and ongoing.

On June 26, 2019, Claimant underwent an IRE at Employer's request as required under Section 306(a.3)(1) of the Act, 77 P.S. §511.3(1). The IRE yielded an impairment rating of less than 35%. Based on this impairment rating, Employer filed a Modification Petition seeking to change Claimant's disability status from total to partial under Act 111.

By decision and order circulated on January 6, 2020, the WCJ granted Employer's Modification Petition. The WCJ concluded that Employer met its burden of proof under Act 111 and modified Claimant's disability status from total to partial effective June 26, 2019, the date of the IRE. Claimant appealed to the Board, which affirmed. Although Claimant challenged the constitutionality of Act 111, the Board explained that as an administrative agency it lacks authority to

---

[2] The Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

declare a statute unconstitutional.  This appeal now follows.[3]

## II. Issue

Claimant argues that the retroactive application of Act 111's IRE mechanism, which went into effect on October 24, 2018, to modify her total disability benefits awarded for her 2015 Injury from total to partial is unconstitutional.  Claimant maintains that once a claimant has an accepted work injury, it is unconstitutional for the General Assembly to enact a law that creates a new mechanism to limit the payment of benefits to the employee.  Act 111's IRE mechanism is not procedural, but substantive because it negatively impacted Claimant's disability status by changing her disability status from total to partial and limiting the number of claim weeks to which she is entitled.  Because Act 111 was passed after Claimant's work injury, and does not contain clear language evidencing retroactive intent, Act 111's IRE mechanism cannot be retroactively applied to Claimant without impairing her vested rights in violation of article 1, section 11 of the Pennsylvania Constitution, Pa Const. art. 1, §11 (Remedies Clause).[4]

## III. Discussion

On October 24, 2018, the General Assembly enacted Act 111, which immediately went into effect.  Act 111 repealed Section 306(a.2), *formerly*

---

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated.  *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).  As to questions of law, our standard of review is *de novo* and our scope of review is plenary.  *Pitt-Ohio Express v. Workers' Compensation Appeal Board (Wolff)*, 912 A.2d 206, 207 (Pa. 2006).

[4] The Pennsylvania Association for Justice, a nonprofit organization that promotes the rights of individual citizens, filed an amicus curiae brief in support of Claimant's position.

3

77 P.S. §511.2, and added Section 306(a.3) of the Act, 77 P.S. §511.3. Section 306(a.3) reestablished the IRE process in a manner intended to cure the constitutional deficiency identified in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).[5] Act 111 largely reenacted the IRE provisions held unconstitutional in *Protz* but to cure the constitutional infirmity Act 111 specified that an IRE must utilize the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment," Sixth Edition (second printing April 2009) (Sixth Edition of the AMA Guides).[6] Notably, Section 306(a.3)(2) of the Act lowered the threshold percentage of impairment below which a claimant's disability status could be modified from 50%, under *former* Section 306(a.2)(2) of the Act, to 35%. 77 P.S. §511.3(2). If an IRE yields an impairment rating that is greater than or equal to 35%, the claimant is presumed totally disabled. *Id.* However, if the IRE yields an impairment rating that is less than 35%, then the claimant is considered partially disabled. *Id.* Under Section 306(b)(1) of the Act, a claimant's receipt of partial disability benefits is limited to 500 weeks. 77 P.S. §512(b)(1).

---

[5] In *Protz*, the Pennsylvania Supreme Court held that the IRE provisions contained in former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, violated the nondelegation doctrine of the Pennsylvania Constitution and struck the entirety of former Section 306(a.2) as unconstitutional. *Protz*, 161 A.3d at 841. Under former Section 306(a.2), a physician conducting an IRE was to use the "most recent edition" of the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment" (AMA Guides). *Protz*, 161 A.3d at 830. The *Protz* Court held that this amounted to an unconstitutional delegation to the AMA of the General Assembly's lawmaking power in that the AMA could revise the standards for determining impairment at any time with unfettered discretion. *Id.* at 841.

[6] In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd per curiam* (Pa., No. 88 MAP 2019, filed August 18, 2020), we determined that Act 111 was not an unconstitutional delegation of legislative authority because the General Assembly adopted a particular set of standards in existence as its own – the Sixth Edition of the AMA Guides.

The question before us is whether the retroactive application of Act 111's IRE mechanism to injuries occurring before its effective date is unconstitutional. "We have long held that 'statutes are to be construed to operate prospectively,' absent clear language to the contrary." *County of Allegheny v. Workers' Compensation Appeal Board (Butkus)*, 253 A.3d 1232, 1237 (Pa. Cmwlth. 2021) (quoting *City of Warren v. Workers' Compensation Appeal Board (Haines by Haines)*, 156 A.3d 371, 376 (Pa. Cmwlth. 2017)); *see* Section 1926 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1926 ("No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."). As this Court has explained, a retroactive law is

> one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired . . . . A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence.

*Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann, LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018) (quoting *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980)). Where no vested right is involved, an act is not retroactively construed when it is simply applied to a condition existing on its effective date. *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co., LLC)*, 252 A.3d 1169, 1175 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021) (citing *Warren v. Folk*, 886 A.2d 305, 308 (Pa. Super. 2005)). Legislation that only affects procedure may be applied retroactively. *Id.*

In *Pierson*, we considered and rejected similar contentions regarding Act 111's retroactivity. *Pierson*, 252 A.3d at 1175. There, as here, the claimant argued that applying Act 111 to injuries predating its enactment would impair a

5

claimant's vested rights. *Id.* More particularly, the claimant argued that Section 306(a.3) of the Act could not be applied retroactively to affect the 500 weeks of benefits payable for partial disability by giving the employer credit for payments made prior to Act 111's enactment. In rejecting the claimant's vested rights argument, we observed that "there are reasonable expectations under the Act that benefits may change." *Pierson*, 252 A.3d at 1177. A claimant retains a certain right to benefits until such time as he or she is found ineligible for them. *Id.* Indeed, benefits are subject to change at any time based upon a change in medical status or earnings capacity. Section 423 of the Act, 77 P.S. §772.

The *Pierson* Court opined that "the General Assembly made it clear in Act 111 that weeks of [total temporary disability (TTD)] and partial disability paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111." *Pierson*, 252 A.3d at 1179 (citing *Rose Corp. v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020)). "'For the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the Act, [77 P.S. §511.3(7),] an insurer shall be given credit for weeks of partial disability compensation paid *prior to the effective date of this paragraph*.'" *Pierson*, 252 A.3d at 1174 (quoting 77 P.S. §511.3, Historical and Statutory Notes) (emphasis added). "[I]t is clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect, where . . . it stated in plain language it was doing so." *Id.* at 1180 (citing *Rose Corp.*).

We further explained that Act 111 did not affect the claimant's vested rights because it did not impose new legal burdens on a past transaction or occurrence or otherwise change the status of a claimant's workers' compensation

6

benefits. *Pierson*, 252 A.3d at 1179. Rather, it merely established a means for an employer to seek a modification of a claimant's benefits going forward. *Id.* Specifically, "Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of TTD benefits." *Id.* at 1179.

Here, as in *Pierson*, the application of Act 111 did not automatically change Claimant's disability status or otherwise deprive her of vested rights under the Act. Rather, Act 111 simply provided a mechanism for Employer to pursue a change in Claimant's disability status by requiring medical evidence that Claimant's whole-body impairment is less than 35%. *See Pierson*. Act 111 clearly contemplates that IREs occurring *after* Act 111's effective date will be based upon the standards of the Sixth Edition of the AMA Guides, with no limiting language regarding the date of injury or disability award. Indeed, Act 111's IRE mechanisms can only *apply* after an employee has received 104 weeks of total disability benefits, which clearly contemplates application to injuries predating Act 111. 77 P.S. §511.3(1). Claimant's IRE occurred after the enactment of Act 111 and does not constitute a retroactive application of the law.

Because our analysis in *Pierson* is directly applicable and controlling here, we reject Claimant's constitutional challenges to Act 111. *See Dohn v. Beck N' Call (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 103 C.D. 2021, filed September 20, 2021)[7] (applying *Pierson* and similarly holding that retroactive application of Act 111 is not unconstitutional where substantive rights were not

---

[7] *See also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. []Non-precedential decisions . . . may be cited for their persuasive value.").

involved); *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)* (Pa. Cmwlth., Nos. 16 & 17 C.D. 2021, filed August 9, 2021) (same); *cf. Butkus*, 253 A.3d at 1237 (limiting retroactivity where Act 111 effected substantive changes in law and concluding that the General Assembly did not intend the 60-day statutory limitations period for challenging disability status modifications to apply retroactively).

### IV. Conclusion

Accordingly, we affirm the Board's order.

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberly Hender-Moody, : 
                                                                : 

                          Petitioner   : 

                                                                : 

                      v.            : No. 166 C.D. 2021

                                                                   : 

American Heritage Federal    : 
Credit Union (Workers'       : 
Compensation Appeal Board),   : 

                                                                  : 

                      Respondent : 

# **O R D E R**

AND NOW, this 15<u>th</u> day of <u>February</u>, 2022, the order of the Workers' Compensation Appeal Board, dated February 2, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge