IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh,            :
                                   :
                 Petitioner  :
                                   :
          v.                 :  No. 1431 C.D. 2021
                                   :  Argued:  October 11, 2022
Ronald Dobbs (Workers'     :
Compensation Appeal Board), :
                                   :
              Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED:  January 27, 2023

The City of Pittsburgh (Employer) petitions for review of the November 23, 2021 order of the Workers' Compensation Appeal Board (Board), which affirmed a Workers' Compensation Judge's (WCJ) decision dismissing Employer's petition to modify (Modification Petition) the compensation benefits of Ronald Dobbs (Claimant).  The Board concluded that the Impairment Rating Evaluation (IRE) provisions of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation Act (Act),[1] do not apply to injuries such as

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §511.3.  Section 306(a.3) of the Act altered the criteria for determining whether a claimant's disability is total or partial, and provided that an impairment rating of less than 35% constitutes a partial disability.  *Id.*

Claimant's, that occurred prior to June 24, 1996. In this appeal, Employer contends that the Board erred by affirming the WCJ's denial of Employer's Modification Petition on the basis that, although the initial IRE provisions in Act 57[2] specifically limited its application to injuries suffered on or after its effective date, there is no specific provision in Act 111 that expressly limits its application to injuries suffered on or after its effective date. Upon review, we reverse.

On December 10, 1993, Claimant sustained a left foot and ankle injury while working as a firefighter for Employer. Employer accepted the injury, and Claimant received temporary total disability (TTD) benefits. Claimant returned to work in 1995. In 1996, the Board granted Claimant's petition to include a pulmonary condition as part of his work-related injury. In 2014, a WCJ approved a Compromise and Release Agreement by stipulation, which resolved Employer's responsibility for the left foot and ankle component of the work injury. Employer remained responsible for continuing workers' compensation benefits relative to Claimant's pulmonary condition.

On March 19, 2021, Employer filed the Modification Petition under Act 111 seeking to modify Claimant's disability status from total disability to partial disability based on the results of an IRE performed on March 18, 2021, by Jeffrey Moldovan, D.O. (Dr. Moldovan) that yielded a whole-body impairment rating of 0%. Reproduced Record (R.R.) at 39a-42a. Claimant filed an answer denying all of the material allegations. *Id.* at 47a.

At the hearing held on April 20, 2021, the WCJ admitted into evidence the IRE and report of Dr. Moldovan as well as prior WCJ determinations. R.R. at

---

[2] Act of June 24, 1996, P.L. 350, No. 57, repealed by Act 111. Act 57 added Section 306(a.2) of the Act, which provided for the rights and remedies of the parties with regard to IREs and applied to injuries suffered on or after the effective date of Act 57. *Formerly* 77 P.S. §511.2.

2

17a, 59a. Despite the resolution of the claim with respect to Claimant's foot and ankle injuries, Dr. Moldovan examined the extremity and determined that Claimant had a 0% impairment of the whole person. Further, Dr. Moldovan evaluated Claimant's pulmonary condition and determined that it also yielded a 0% impairment of the whole person. As a result, Dr. Moldovan concluded that the percentage of impairment rating was 0% of the whole person. WCJ Op., 5/3/21, Findings of Fact (F.F.) Nos. 6-8. Claimant did not present any evidence in opposition, and instead challenged the applicability of the IRE to his injury, which preceded the adoption of the IRE provisions.

The WCJ determined that the evaluation conducted by Dr. Moldovan satisfied the requirements of Act 111 in the following respects: (1) it was based upon the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment," Sixth Edition (second printing April 2009) (Sixth Edition of the AMA Guides); (2) Claimant received total disability benefits for a period in excess of 104 weeks; (3) Claimant has achieved maximum medical improvement; and (4) Claimant's impairment rating is less than 35%. F.F. No. 9.

Nevertheless, the WCJ concluded that the IRE has no application in this case. The WCJ concluded that the IRE provisions set forth in Section 306(a.3) of Act 111 do not apply to injuries occurring before June 24, 1996, when IREs were first introduced into the Act by Act 57. The WCJ determined that, although Act 111 as set forth in Section 306(a.3) applies to injuries occurring prior to its enactment, Act 111 cannot apply to injuries before June 24, 1996. The WCJ reasoned that any other interpretation would impermissibly impact vested, substantive rights. WCJ Op., 5/3/21, Conclusions of Law (C.L.) Nos. 5-6. Because Claimant's injury occurred on December 10, 1993, the WCJ concluded that the IRE provisions are

inapplicable to Claimant's injury. As a result, by decision dated May 3, 2021, the WCJ dismissed Employer's Modification Petition.

Employer appealed the WCJ's decision to the Board. Employer argued that the WCJ erred as a matter of law in determining that Section 306(a.3) of the Act could not be retroactively applied to Claimant's injury. The Board noted that although Act 111 is silent as to its application to work injuries based on the date of occurrence, there is nothing to indicate that the General Assembly intended to make the IRE process available to those claims that were specifically precluded by Act 57 when the IRE process was initially established. R.R. at 27a. The Board agreed with the WCJ that work injuries occurring prior to June 24, 1996, are excluded from the IRE provisions of Section 306(a.3) of the Act. Employer's petition for review to this Court followed.[3]

On appeal, Employer contends that Act 111 was intended to apply to all work injuries, including injuries suffered prior to its 2018 enactment. Employer argues that, although the initial IRE provisions in Act 57 specifically limited its application to injuries suffered on or after its effective date, there is no specific provision in Act 111 that expressly limits its application to injuries suffered on or after its effective date. The General Assembly expressly intended for Act 111 to be retroactively applied by instituting a credit to employers for total disability benefits paid prior to its enactment. Employer contends that after the General Assembly heard comments from the public, various entities, and organizations, this Court

---

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704. When the constitutionality of a statutory amendment is challenged, the scope of review is plenary, and the standard of review is *de novo*. *Konidaris v. Portnoff Law Associates, Ltd.*, 953 A.2d 1231, 1239 (Pa. 2008).

4

should not assume that the General Assembly "forgot" to include such language in drafting Act 111 when it was clearly set forth in Act 57.

Claimant counters[4] that there is no clear language in Act 111 indicating that the General Assembly intended to apply the IRE provisions to injuries preceding Act 57. When Claimant was injured in 1993, the IRE provisions were not in effect. The IRE provisions of the Act were first introduced with the General Assembly's enactment of the Act 57 amendments in 1996. In Act 57, the General Assembly restricted application of the IRE provisions to claims for injuries that were suffered on or after its effective date. Although this language is missing from Act 111, the General Assembly's intent to limit application of the IRE provisions suffered on or after its effective date remains clear. Applying the IRE provisions to Claimant's injury impairs his vested right to compensation that was perfected with the award of benefits in 1993 and violates the Remedies Clause of the Pennsylvania Constitution, Pa. Const. art. I, §11.[5]

In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), the Pennsylvania Supreme Court, held that the IRE provisions contained in formerly Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, violated the nondelegation doctrine of the Pennsylvania Constitution and

---

[4] The Pennsylvania Association of Justice filed an amicus brief in support of Claimant's position.

[5] The Remedies Clause states:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay . . . .

Pa. Const. art. I, §11.

struck the entirety of Section 306(a.2) as unconstitutional. Under former Section 306(a.2), a physician conducting an IRE was required to use the "most recent edition" of the AMA "Guides to the Evaluation of Permanent Impairment" (AMA Guides). *Protz*, 161 A.3d at 830. The *Protz* Court determined this amounted to an unconstitutional delegation to the AMA of the General Assembly's lawmaking power by giving the AMA "unfettered control" over the standards for determining impairment. *Id.* at 836.

On October 24, 2018, the General Assembly responded to *Protz* by enacting Act 111, which immediately went into effect. Act 111 repealed Section 306(a.2), as contained in Act 57, and added Section 306(a.3) to the Act. Section 306(a.3) reenacted the IRE process in a manner intended to cure the constitutional deficiency identified in *Protz*. Act 111 specified that an IRE must utilize the Sixth Edition of the AMA Guides.

Notably, Section 306(a.3)(2) of the Act lowered the threshold percentage of impairment by which a claimant's disability status could be modified from 50% under former Section 306(a.2)(2) of the Act to 35%. 77 P.S. §511.3(2). If an IRE yields an impairment rating that is greater than or equal to 35%, the claimant is presumed to be totally disabled. *Id.* However, if the IRE yields an impairment rating that is less than 35%, then the claimant is considered to be partially disabled. *Id.* In addition, under Section 306(b)(1) of the Act, a claimant's receipt of partial disability benefits is limited to 500 weeks. 77 P.S. §512(b)(1). For the purposes of determining the total number of weeks of partial disability benefits payable under Section 306(a.3)(7) of the Act, an insurer is given credit for weeks of partial disability compensation paid prior to its effective date. 77 P.S. §511.3(7).

However, unlike Act 57, there was no specific provision in Act 111 that expressly limited its application to work-related injuries that are sustained on or after its effective date. Act 57 specifically included language that its IRE provisions only applied to claimants whose injuries occurred on or after June 24, 1996. *Former 77 P.S. §511.2.* Section 32.1(a) of Act 57 provided: "The amendment or addition of Section . . . 306(a.2) . . . of the Act shall apply only to claims for injuries which are suffered on or after the effective date of this Section." This limitation is absent in Act 111.

In determining whether the date limitation continues, as Claimant suggests, we are guided in our analysis by the Statutory Construction Act of 1972, 1 Pa. C.S. §§1501-1991. The object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. §1921(a). In this vein, when examining a statute, we are bound by its plain language; accordingly, we should not insert words into the Act that are plainly not there. *Frazier v. Workers' Compensation Appeal Board (Bayada Nurses, Inc.)*, 52 A.3d 241, 245 (Pa. 2012). Without an express limitation, Act 111 applies to all injuries, not just those after the effective date.

The question remains whether such an interpretation impermissibly impacts Claimant's vested, substantive rights, and constitutes an unconstitutional, retroactive application of the Act in violation of the Remedies Clause. As this Court has explained:

> A retroactive law has been defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired . . . . A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence.

7

*Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599, 561 (Pa. Cmwlth. 2018) (quoting *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980)).

"[T]he Remedies Clause prohibits the enactment of retroactive legislation if the application . . . would extinguish a vested right." *Konidaris v. Portnoff Law Associates, Ltd.,* 953 A.2d 1231, 1235 (Pa. 2008). This Court has consistently observed that, to implicate the constitutional provision, the entitlement at issue must be a vested one. *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635, 644 (Pa. Cmwlth. 2018). A vested right "must be something more than a mere expectation, based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another." *Konidaris*, 953 A.2d at 1242. The Supreme Court has long held that the protection of vested property rights is "limited." *Id.* at 1242. This Court has held that claimants do not have vested property rights in workers' compensation benefits. *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169, 1179 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021) (explaining that there are no vested rights in workers' compensation benefits as calculated at the time of injury, because "there are reasonable expectations under the Act that benefits may change"); *White v. Workers' Compensation Appeal Board (City of Philadelphia)* (Pa. Cmwlth., No. 1463 C.D. 2019, filed August 17, 2020) (holding that a claimant has no "vested right" to

workers' compensation benefits).[6]  To that end, due course of law is most frequently relevant when the General Assembly acts to alter or eliminate a vested or accrued cause of action.  *See Dana Holding*, 195 A.3d at 643 (citing *Konidaris*, 953 A.2d at 1240).  When there is no vested right involved, an act is not retroactively construed when it is simply applied to a condition existing on its effective date.  *Pierson*, 252 A.3d at 1175 (citing *Warren v. Folk*, 886 A.2d 305, 308 (Pa. Super. 2005)).

Act 111 has withstood similar constitutional challenges that its application to claimants whose injuries preceded its effective date constitutes a retroactive application of the law.  *See Pierson*, 252 A.3d at 1179.  In *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 561 (Pa. Cmwlth. 2020), this Court determined that Act 111's addition of Section 306(a.3) was a substantive change in the law, which cannot be applied retroactively absent clear legislative intent to do so.  As we made clear, the 104-week and credit provisions of Act 111 were explicitly given retroactive effect by the clear language used by the General Assembly.  *Id.*  Thus, we concluded that Act 111 applies to injuries that occurred before its October 24, 2018 effective date, but not to IREs performed prior thereto.  *Id.*  Because the claimant in *Rose Corporation* had already received 104 weeks of total disability benefits, we concluded that the employer could seek a new IRE and would be entitled to receive credit for the 104 weeks of total disability it previously paid to the claimant under Act 111.  *Id.* at 563.

In *Pierson*, this Court again held that the credit afforded to employer in Act 111 is to be given retroactive effect.  252 A.3d at 1180.  There, the claimant

---

[6] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

argued that applying Act 111 to injuries predating its enactment would impair the claimant's vested rights. *Id.* at 1175. More particularly, the claimant argued that Section 306(a.3) of the Act could not be applied retroactively to affect the 500 weeks of benefits payable for partial disability by giving the employer credit for payments made prior to Act 111's enactment. *Id.* In rejecting the claimant's vested rights argument, we observed that "there are reasonable expectations under the Act that benefits may change." *Id.* at 1177. We stated there was no abrogation of a claimant's vested rights by Act 111. *Id.* The claimant did not automatically "lose anything" with the enactment of Act 111, rather "Act 111 provided employers with a means to change a claimant's disability status from total to partial by providing the requisite medical evidence that claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of TTD benefits." *Id.* at 1179.

We have continually applied this rationale. *See Hazzouri v. Pennsylvania Turnpike Commission (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 889 C.D. 2021, filed April 28, 2022) (holding that the claimant's IRE occurring after the enactment of Act 111 did not constitute a retroactive application of the law); *Hender-Moody v. American Heritage Federal Credit Union (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022) (holding that the retroactive application of Act 111 to a pre-enactment injury "did not automatically change the claimant's disability status or otherwise deprive her of vested rights under Act"). Absent any language within Act 111 limiting the date of injury, we extend this same rationale to all injuries, including injuries occurring prior to June 24, 1996.

Based on the foregoing, although Claimant's injury preceded the institution of the IRE process, application of Act 111 did not automatically change

10

his disability status or otherwise deprive him of vested rights under the Act. Rather, Act 111 simply provided a mechanism for Employer to pursue a change in Claimant's disability status by requiring medical evidence that Claimant's whole-body impairment was less than 35%. Because Claimant's IRE occurred after the enactment of Act 111, it did not constitute a retroactive application of the law. Since Claimant already received 104 weeks of total disability benefits, Employer was permitted, under Section 306(a.3)(1), to seek an IRE, a modification based on its results, and a credit for disability benefits paid. *See Pierson*, 252 A.3d at 1179; *Rose Corp.*, 238 A.3d at 563.

Accordingly, the Board's order is reversed.

_____
MICHAEL H. WOJCIK, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh,           :
:
           Petitioner   :
:
       v.               : No. 1431 C.D. 2021
:
Ronald Dobbs (Workers'      :
Compensation Appeal Board),  :
:
         Respondent :

## O R D E R

AND NOW, this 27th day of January, 2023, the order of the Workers' Compensation Appeal Board, dated November 23, 2021, is REVERSED.

_____
MICHAEL H. WOJCIK, Judge